UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CHRISTOPHER HORTON, )
)
    Plaintiff, )
)
v. ) No. 2:17-CV-055-JRG-MCLC
)
ROBERT LINCOLN, JEFF JOHNSON, )
ROBERT STINE, and WASHINGTON )
COUNTY, TENNESSEE, )
)
    Defendants. )

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons set forth below, Plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] will be **GRANTED** and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

    **I.**    **FILING FEE**

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 1] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**. As Plaintiff is incarcerated in the Washington County Detention Center, he will be **ASSESSED** the civil filing fee of $350.00.

The custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty

percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this memorandum opinion and the accompanying order to the Sheriff of Washington County to ensure that the custodian of Plaintiff's inmate trust account complies with the Prisoner Litigation Reform Act ("PLRA") with regard to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this memorandum opinion and accompanying order to the Court's financial deputy.

## II.     SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### III. COMPLAINT ALLEGATIONS

In his complaint, Plaintiff alleges that even though Defendant Judge Lincoln had stated that he would dismiss charges if witnesses for Plaintiff's preliminary hearing did not show up for a third time, Plaintiff was taken in front of a different judge on the third occasion and, even though the witnesses again did not appear, the district attorney lied and the judge gave him extra days [Doc. 2 p. 4]. Plaintiff also alleges that the next time he appeared in front of Defendant Judge Lincoln, the witnesses again did not show, but an officer testified and lied about him [*Id.*]. Plaintiff further claims that the district attorney dropped a charge regarding possession of a stolen firearm, but still charged Plaintiff as a convicted felon in possession of a firearm and crack cocaine even though Plaintiff was never seen or linked with those items [*Id.*]. As relief, Plaintiff seeks justice, for the case to be in state court, where it started, rather than federal court, for dirty Johnson City officers to be screened, and a million dollars [*Id.* at 5].

### IV. LEGAL ANALYSIS

First, Plaintiff has set forth no allegations of misconduct as to Defendant Officer Johnson or Defendant Stine. As such, the Court cannot plausibly infer that either of these Defendants

violated Plaintiff's constitutional rights and the complaint therefore fails to state a claim upon which relief may be granted as to these Defendants.

Further, to the extent the Court can liberally construe the complaint to allege that Defendant Stine was the district attorney to whom Plaintiff refers in his complaint, nothing in the complaint suggests that the acts and/or omissions of the district attorney set forth in the complaint were taken outside of the scope of his duties as a prosecutor. Thus, even if the Court liberally construes the complaint to allege that Defendant Stine is the district attorney to whom Plaintiff refers in the complaint, Defendant Stine is entitled to immunity for the claims therein. *Imbler v. Pachtman*, 424 U.S. 409, 420–31 (1976) (holding that a prosecutor has absolute immunity from civil suits under § 1983 for actions taken within the scope of his duty to initiate and pursue criminal prosecutions).

Likewise, as nothing in the complaint suggests that Defendant Judge Lincoln lacked jurisdiction or that the acts set forth in the complaint were not judicial acts, Defendant Judge Lincoln is entitled to judicial immunity for the acts alleged in the complaint. *See King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985) (holding that judges are entitled to absolute judicial immunity from suits for money damages, including § 1983 civil suits, for all actions taken in the judge's judicial capacity, unless the actions are taken in the complete absence of any jurisdiction or the act complained of is not a "judicial act").

Lastly, as to Defendant Washington County, Plaintiff does not set forth any allegations of a custom or policy underlying his alleged claims. Moreover, as set forth above, his complaint fails to state a claim for a constitutional violation as to any individual Defendant. Accordingly, the complaint fails to state a claim against Washington County. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 691 (1978) (holding that a government can only be liable where its official policy causes

4

the constitutional rights violation); *see also Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007) (holding that "[t]here can be no *Monell* municipal liability under § 1983 unless there is an underlying unconstitutional act").

## V.     CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] is **GRANTED**.  Even liberally construing the complaint in favor of Plaintiff, however, it fails to state a claim upon which relief may be granted under § 1983 as to all Defendants. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE